1  Todd M. Friedman (SBN 216752)
   Meghan E. George (SBN 274525)
2  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
3  21550 Oxnard St. Suite 780,
   Woodland Hills, CA 91367
4  Phone: 877-206-4741
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  mgeorge@toddflaw.com
7  *Attorneys for Plaintiff, LANCE JOHNSON*

8           UNITED STATES DISTRICT COURT
           CENTRAL DISTRICT OF CALIFORNIA
9

10 | LANCE JOHNSON, individually,       | Case No.  2:20-cv-07020-RGK-RAO
      and on behalf of all others similarly |
11 | situated,                           | **CLASS ACTION COMPLAINT**

12 |          Plaintiff,                 | (1)  Violation of Unfair Competition
                                            Law (Cal. Business &
13 |     vs.                             Professions Code §§ 17200 *et
      AFFINITY INSURANCE                     seq*.).
14 | SERVICES, INC. WHICH WILL DO        (2)  Breach of Contract
      BUSINESS IN CALIFORNIA AS         (3)  Bad Faith Breach of Insurance
15 | AON AFFINITY INSURANCE                   Contract
      SERVICES, INC.;
16 | VIRGINIA SURETY COMPANY,            **Jury Trial Demanded**
      INC.;
17 | and DOES 1-10 Inclusive,

18 |          Defendant(s).

19
20
21
22
23
24
25
26
27
28

---

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff LANCE JOHNSON ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this class action Complaint against Defendant AFFINITY INSURANCE SERVICES, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS AON AFFINITY INSURANCE SERVICES, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising and selling travel insurance/trip protection plans that they have no intention of honoring and to obtain redress for a class of consumers ("Class Members") who were misled, within the applicable statute of limitations period, by Defendant.

2.      Plaintiff brings this class action Complaint against Defendant VIRGINIA SURETY COMPANY, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising and selling travel insurance/trip protection plans that they have no intention of honoring and to obtain redress for a class of consumers ("Class Members") who were misled, within the applicable statute of limitations period, by Defendant.

3.      Defendants advertised, promoted, and included certain travel protections to consumers through travel agencies and cruise ships to induce them to purchase travel insurance and protection ("the Class Products"), whereby if there was a trip interruption, Defendants would reimburse Plaintiff for his losses.

4.      Insurance is of particular value to consumers because they provide a guarantee of the value of a good after it is purchased, and protection for that good if certain unexpected contingencies occur.  This is particularly true for trip insurance, where trips and excursions are purchased well in advance of the time of a trip, and unexpected occurrences that can result in a trip interruption are common.

5.      Defendants misrepresented to Plaintiff and others similarly situated

FIRST AMENDED CLASS ACTION COMPLAINT

by failing to disclose in either in the contract itself that Defendants would not honor the represented trip protections with which the parties contracted to provide.

6.    Defendants' misrepresentations to Plaintiff and others similarly situated induced them to purchase Defendant's Class Products.

7.    Defendants took advantage of Plaintiff and similarly situated consumers unfairly and unlawfully.

## JURISDICTION AND VENUE

8.    This class action was originally brought pursuant to California Code of Civil Procedure § 382, in Los Angeles Superior Court, and was removed to a court of Federal Jurisdiction by the Defendant in this action. All causes of action in the instant complaint arise under California Statutes.

9.    Defendants sell insurance, advertise insurance policies, and market to consumers in the State of California.

## THE PARTIES

10.    Plaintiff LANCE JOHNSON is a citizen and resident of the State of California, County of Los Angeles.

11.    Defendant VIRGINIA SURETY COMPANY, INC. is a corporation that does business in California, including Los Angeles County, that is incorporated in Illinois.

12.    Defendant AFFINITY INSURANCE SERVICES, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS AON AFFINITY INSURANCE SERVICES, INC. is a corporation that does business in California, including Los Angeles County, that is incorporated in Pennsylvania.

13.    Plaintiff alleges, on information and belief, that Defendants' sell insurance throughout California, by means of, at the very least, the internet.

14.    Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendants' sales of products and services are governed by the

FIRST AMENDED CLASS ACTION COMPLAINT

controlling law in the state in which they do business and from which the sales of products and services, and the allegedly unlawful acts occurred, which is California.

15.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

16.     Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all their employees, agents, and/or third parties acting on their behalf, in proximately causing the damages herein alleged.

17.     At all relevant times, Defendants ratified each and every act or omission complained of herein.  At all relevant times, Defendants, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

18.     In or around November 14, 2018, Plaintiff purchased two tickets to a Princess Cruise lines cruise vacation, setting sail in March 7, 2019.

19.     Along with the purchase of the cruise, Plaintiff, at the same time, Plaintiff purchased a shore excursion, to take place for three days during the cruise, to Machu Picchu, for both him and his wife. Plaintiff received a confirmation of the booking of that excursion the following day, on November 15, 2018. Indeed, the only reason the Plaintiff purchased this particular cruise, was because of the Machu Picchu shore excursion offering. The cruise, and this excursion, were one

FIRST AMENDED CLASS ACTION COMPLAINT

and the same for Plaintiff.

20.    Plaintiff's purchase was made on his Citibank credit card, which includes Citibank Trip Cancellation & Interruption Protection, through Defendant Virginia.

21.    Plaintiff's Citibank credit card, on which he purchased his cruise and shore excursion tickets, provided trip insurance and travel protection services, which policy was advertised and marketed by Defendant Virginia. This policy is administered through Defendant Virginia. Defendant Virginia's policy/contract clearly states that any qualifying travel interruption, including a medical incident interrupting the trip or requiring cancellation, would be covered under the policy.

22.    For additional protection, Plaintiff purchased trip further protection insurance, called LeisureCare, through Defendant Aon at the time of purchasing his cruise and shore excursions. This policy is advertised by Defendant Aon through and in conjunction with the ticket agency that sold the cruise to Plaintiff. Defendant and ticket agency's promotions strongly encourage the purchase of travel protection insurance at the time of shore excursion and cruise vacation purchases.

23.    The insurance policy/contract for the Defendant Aon, which was printed and distributed thereon by Defendant Aon, stated that the purchase of travel protection insurance included the following trip interruption protection: "We will reimburse You, up to the Maximum Benefit Amount shown in the Schedule of Benefits, for unused, prepaid nonrefundable Payments or Deposits for Your land or water Travel Arrangements, plus the Additional Transportation Cost paid to either: a) join Your Trip if You must depart after Your Scheduled Departure Date or travel via alternate travel; or b) rejoin Your Trip from the point where You interrupted Your Trip or transport You to Your originally scheduled return destination; for a covered reason." Defendant's policy further stated that, a

FIRST AMENDED CLASS ACTION COMPLAINT

Trip Interruption was defined as "Your, a Family Member's, a Traveling Companion's, or a Business Partner's covered Sickness or Injury which: a) occurs while You are on Your Trip, b) requires Medical Treatment at the time of interruption; and c) as certified by a Physician, results in medical restrictions so disabling as to prevent Your continued participation on the Trip."

24.    Plaintiff purchased the trip protection insurance, LeisureCare, from Defendant Aon in reliance on the aforementioned representations, namely that Defendant Aon would provide the trip protection services that it represents that it would provide in the policy itself.

25.    Similarly, Plaintiff obtained a Citibank credit card, and used that card to purchase his cruise based on the advertisement of travel benefits by Defendant Virginia Surety. Plaintiff would not have used the credit card issued by Citibank to purchase his cruise tickets if he had known that Defendant Virginia Surety was falsely advertising the trip protection benefits.

26.    On March 6, 2019, Plaintiff and his wife flew to Santiago, Chile to prepare to board their cruise ship. After the 17-hour flight, while disembarking, the Plaintiff's wife felt severe pain in her foot. Plaintiff and his wife quickly reported to the Princess Cruise ship physician, a licensed medical physician, who told Plaintiff that she needed to stay off of her feet. Plaintiff's wife, per the physician's instructions, was relegated to a wheelchair not only for the duration of the 17-day cruise, but for the next month after Plaintiff and his wife had returned home, due to a diagnosis of soft tissue damage in her foot.

27.    Needless to say, Plaintiff and his wife, due to the medical condition of the Plaintiff's wife, the diagnosis by the ship's licensed medical physician, and the instructions of the ship's licensed medical physician, were unable to engage in the three-day, $5000 shore excursion hike to Machu Pichu in the Andes mountains.

28.    Princess Cruises, and the cruise physician in particular, urged

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff and his wife to cancel their excursion, and informed them that due to the amount of walking and hiking involved, there was simply no way that Plaintiff's wife would be able to do the excursion in her current medical condition, as she was wheelchair bound.

29.    Plaintiff and his wife were unable to attend the Machu Pichu shore excursion because of her injury and medical condition, per the instructions of Princess Cruise ship's Shore Excursion department, and their ship physician, a licensed medical professional.

30.    Thereafter, upon Plaintiff's return to Los Angeles, he requested reimbursement for the ship excursion under Defendant Aon's trip protection policy.

31.    Despite their clear representations and policy provisions regarding trip insurance for unforeseen medical accidents/conditions, Defendant Aon refused to reimburse Plaintiff for the pre-paid, non refundable shore excursion, despite documentation from the ship physician of Plaintiff's injury and clear inability to hike in the Andes mountains, and despite their clear representations that this was a covered trip interruption. Every time Plaintiff challenged AON's pretextual reasons for declining the claim, they did not defend their position but instead came up with another, different, pretextual reason. They did this at least four times, and many of the "excuses" they used, were in fact, false (such as claiming that Plaintiff did not purchase shore excursion tickets at the same time of purchasing the cruise tickets, which was decidedly false.).

32.    Plaintiff thereafter sought reimbursement through Citibank's travel protection policy issued through Defendant Virginia Surety.

33.    Defendant Virginia Surety's Citibank Trip Protection policy states, that a covered person, such as Plaintiff, would be reimbursed for a trip or portions of his trip if "The Covered Traveler(s) becomes sick or injured, and is advised by

a licensed medical practitioner not to travel." Plaintiff, whose wife was a "covered traveler" under the policy, had become injured and was advised by a "licensed medical practitioner", the ship physician, not to travel to Machu Picchu, and to remain in a wheelchair for the duration of the trip.

34.    Yet, Despite Defendant Virginia's clear and explicit travel protection benefits within the policy that that Plaintiff purchased, Defendant Virginia refused to reimburse Plaintiff for the non-refundable, pre-paid shore excursion stating that because Plaintiff did not get a writing from the doctor indicating that they should not go on the shore excursion, even despite the fact that the doctor had made a diagnosis, and verbally informed them of Plaintiff's wife medical restrictions.

35.    Defendants' knowledge of the fact that Plaintiff and similarly situated consumers could not reap the benefits of the insurance policies is demonstrated by the fact that when Plaintiff attempted to make a clearly qualified claim under the trip insurance policies, Defendants refused to honor the written policies that were advertised to the Plaintiff.

36.    Defendant Aon later claimed that shore excursions were not covered by its policy, a fact that, if true, was clearly omitted from the insurance policy/contracts that consumers who purchase trip insurance would need to know.

37.    Plaintiff had no reasonable way of knowing that his non-refundable shore excursion would not be covered by Defendants' trip and travel protection policies, because the policies specifically stated that qualifying incidents would be covered, i.e., Plaintiff had no reasonable opportunity to find out that Defendants would not honor the policy.

38.    Defendants were aware that Plaintiff could not have reasonably known that it would not honor the policy.

39.    Had Plaintiff known that Defendants would not honor the insurance policies as represented, Plaintiff would not have purchased the trip protection

insurance from Defendant Aon, prepaid for non-refundable shore excursions, or used the credit card issued by Citibank with the travel protection policy guaranteed by Virginia Surety. Rather, Plaintiff would have considered purchasing a different type of trip, not purchasing travel insurance at all, and not pre-paying for any non-refundable trip expenses.

40.    Plaintiff was significantly emotionally and financially upset by Defendants' refusals to honor their trip insurance policies as advertised.

41.    Such sales tactics employed on Defendants rely on falsities and have a tendency to mislead and deceive a reasonable consumer, such as using such broad general terms as "covers trip interruptions and medical problems".

42.    Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase travel insurance products from Defendants.

43.    Plaintiff reasonably believed and relied upon Defendants' representations in its trip insurance policies/contracts.

44.    Plaintiff materially changed his position in reliance on Defendants' representations and was harmed thereby.

45.    Plaintiff would not have purchased the trip insurance policies from Defendant Aon and Defendant Virginia, used the Citibank credit card, or purchased any pre-paid non refundable products from Princess Cruises, or any similarly advertised product had Defendants disclosed that they would not honor its insurance protection policies.

46.    Had Defendants properly marketed, advertised, and represented that it would not honor the trip protections as stated in its policies, Plaintiff would not have purchased the trip insurance policies, or any similarly advertised product, and would not have purchased pre-paid, non refundable, ship excursions.

47.    The Defendants' insurance programs purports to provide coverage to

policyholders in the event of a "qualifying event" that includes a medical condition or emergency.

48.    Plaintiff is at continued risk of being harmed by Defendants' misrepresentations, as he is a frequent traveler who avails himself of the Defendants' trip protection service policies. If Defendant is not compelled to correct its wrongdoings as alleged by Plaintiff, Plaintiff is at continued risk of harm.

49.    Defendants benefited from falsely representing its products, to emphasize benefits to customers that it had no intention of following through with providing. Defendants benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

## CLASS ACTION ALLEGATIONS

50.    Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

51.    The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased World Travel Holdings LeisureCare trip protection/insurance policies guaranteed by Defendant Aon, and were denied coverage.

> And

> All consumers, who, between the applicable statute of limitations and the present, purchased Citibank Trip Cancellation & Interruption Protection, guaranteed by Defendant Virginia, and were denied coverage.

50.    The Restitution Subclass. The Class is divided into several subclasses, including a Restitution Subclass. The Restitution Subclass consists of all California customers and former customers of Defendants Aon who purchased

FIRST AMENDED CLASS ACTION COMPLAINT

World Travel Holdings LeisureCare trip protection and Virginia who purchased Citibank Trip Cancellation & Interruption Protection who lost money or property during the four-year period preceding the filing of this Complaint by means of Household's violation of California Business and Professions Code Sections 17000 et seq. (the "UCL") as alleged below.

51.    The Breach of Contract Subclass. The Breach of Contract Subclass consists of all California customers and former customers of Defendants Aon who purchased World Travel Holdings LeisureCare trip protection, and Virginia who purchased Citibank Trip Cancellation & Interruption Protection, who otherwise would have qualified for benefits under Defendant's travel protection insurance but were denied such benefits.

52.    As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

53.    Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

54.    Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

55.    Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

56.    Plaintiff is informed and believes and on that basis alleges that for at least the past four years, Defendants have marketed and sold travel insurance to California consumers, either in connection with the issuance of a credit card, or in addition to the purchase of a trip through various travel-related agencies, which includes bookings for ships, airplanes, trains, etc.

57.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendants.

FIRST AMENDED CLASS ACTION COMPLAINT

58.    Rather, all claims in this matter arise from the identical, false, affirmative written statements that Defendants would provide insurance and trip protection to the Class Members, when in fact, such representations were false.

59.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)    Whether Defendants engaged in unlawful, unfair, or deceptive business practices in misrepresenting their trip protection policies to Plaintiff and other Class Members with no intention of honoring them;

(b)    Whether Defendants made misrepresentations with respect to its trip protection insurance policies;

(c)    Whether Defendants breached the contract of the insurance policy it sold to Plaintiff and class members, and whether that breach was in bad faith;

(d)    Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq*. California Bus. & Prof. Code § 17500, *et seq*., California Civ. Code § 1750, *et seq*.. California Civ. Code § 1790, *et seq*., and 15 U.S.C. § 2310, *et seq*.;

(e)    Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f)    Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g)    The method of calculation and extent of damages for Plaintiff and Class Members.

60.    Plaintiff is a member of the class he seeks to represent.

61.    The claims of Plaintiff are not only typical of all class members, they

FIRST AMENDED CLASS ACTION COMPLAINT

are identical.

62.     All claims of Plaintiff and the class are based on the exact same legal theories.

63.     Plaintiff has no interest antagonistic to, or in conflict with, the class.

64.     Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff was induced by Defendants' misrepresentations during the Class Period.  Defendants' unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

65.     Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

66.     Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Violation of Unfair Competition Law

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

67.     Plaintiff incorporates by reference each allegation set forth above.

68.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury.  It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory

definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

69.    California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendants' acts, omissions, misrepresentations, and practices as alleged herein also constitutes "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

70.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

71.    Here, Defendants' conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to mislead consumers. Thus, Defendants' conduct has caused substantial injury to Plaintiff and the members of the Class.

72.    Moreover, Defendants' conduct as alleged herein solely benefits Defendants while providing no benefit of any kind to any consumer. Such deception utilized by Defendants convinced Plaintiff and members of the Class that Defendants would provide them with an insurance policy and that Defendants

FIRST AMENDED CLASS ACTION COMPLAINT

would honor that insurance policy upon purchasing Defendants' Class Products. In fact, Defendants knew that they had no intention of providing the advertised trip protections, and thus unfairly profited. Thus, the injury suffered by Plaintiff and the members of the Class are not outweighed by any countervailing benefits to consumers.

73.     Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendants falsely represented the insurance policies, consumers changed their position by purchasing the Class Products, thus causing them to suffer injury in fact. Defendants failed to take reasonable steps to inform Plaintiff and class members that the language in the insurance policies they purchased were false. As such, Defendants took advantage of Defendants' position of perceived power in order to deceive Plaintiff and the Class. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

74.     Thus, Defendants' conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

75.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

76.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

77.    Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendants.    Such deception is evidenced by the fact that Defendants did not provide Plaintiff with the insurance policy as advertised by Defendants.    Plaintiff's reliance upon Defendants' deceptive statements is reasonable due to the unequal bargaining powers of Defendants against Plaintiff. For the same reason, it is likely that Defendants' fraudulent business practice would deceive other members of the public.

78.    As explained above, Defendants deceived Plaintiff and other Class Members by representing the protections covered by the insurance policies that Defendants sold.

79.    Thus, Defendants' conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

80.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

81.    As explained above, Defendants deceived Plaintiff and other Class Members by falsely representing insurance policies.

82.    Defendants used false a multitude of misrepresentations in the body of their respective trip protection policies to induce Plaintiff and Class Members to purchase Class Products from Defendant, in violation of California Business and Professions Code Section 17500, et seq.  Had Defendant not misrepresented the nature of its products through the plain language of their policies, Plaintiff and Class Members would not have purchased the Class Products from Defendant. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

83.    These representations by Defendants are therefore an "unlawful"

FIRST AMENDED CLASS ACTION COMPLAINT

business practice or act under Business and Professions Code Section 17200 *et seq*.

84.    Defendants have thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief.    Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendants to correct its actions.

## SECOND CAUSE OF ACTION

### (Breach of Contract against all Defendants)

85.    Plaintiff incorporates the allegations above as if set forth fully herein.

86.    The Defendants entered into a contract with each member of the Breach of Contract subclass that is set forth in the insurance policies provided by each.

87.    The respective policies were contracts contained that contained aforementioned terms that the Defendants would reimburse Plaintiff in the event of an injury that restricted or impacted their vacation. Yet Defendants breached the contracts by denying the Plaintiff's claims on false and pretextual basis.

88.    Each member of the class performed all conditions, covenants, and obligations of the contract except for those conditions, covenants and obligations he was excused from performing by reason of the Defendants' conduct.

89.    As a direct and proximate cause of the Defendants' breach of the contract, each member of the breach of contract subclass has suffered damages in an amount to be determined at the time of trial.

///

FIRST AMENDED CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

### (Bad Faith Breach of Insurance Contract Against All Defendants)

90.     Plaintiff incorporates all allegations alleged above as if set forth fully herein.

91.     The insurance policies herein referenced are contracts, and like all contracts and especially all contracts of insurance, contains an implied covenant of good faith and fair dealings that the Defendants will deal fairly with each member of the Breach of Contract subclass in processing his or her claims under the Contract.

92.     Defendants intentionally and in bad faith breached the implied covenant of good faith and fair dealing as to each member of the Breach of Contract subclass when it refused to pay valid claims on false and pretextual basis.

93.     As a direct and proximate cause of Defendants' breach of the contracts of insurance it provided, each member of the breach of contract subclass has suffered damages in an amount to be determined at the time of trial.

94.         As a further direct and proximate result of Defendants' bad faith breach of the Contract, Plaintiff (on behalf of each member of the Breach of Contract Subclass) has retained legal counsel and incurred attorneys' fees in an effort to obtain the benefits of the insurance policies. The Breach of Contract Subclass is therefore entitled to recover attorneys fees (in an amount to be determined at trial) under *Brandt v. Superior Court*, 37 Cal.3d 813 (1985).

95.     Defendants' bad faith breach of the Contract was malicious and oppressive and justifies an award of punitive damages in an amount to be determined at the time of trial.

### MISCELLANEOUS

96.     Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions

FIRST AMENDED CLASS ACTION COMPLAINT

precedent to bringing this action or all such obligations or conditions are excused.

**PRAYER FOR RELIEF**

97.     Plaintiff, on behalf of himself and the Class, requests the following relief:

(a)     An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)     An order certifying the undersigned counsel as Class Counsel;

(c)     An order requiring Defendants, at their own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)     An order requiring Defendants to engage in corrective advertising regarding the conduct discussed above;

(e)     Actual damages suffered by Plaintiff and Class Members as applicable from being induced to call Defendants under false pretenses;

(f)     Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)     Any and all statutory enhanced damages;

(h)     All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i)     Pre- and post-judgment interest; and

(j)     All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

**REQUEST FOR JURY TRIAL**

98.     Plaintiff requests a trial by jury as to all claims so triable.

FIRST AMENDED CLASS ACTION COMPLAINT

Dated:  September 22, 2020    Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC

By: _/s Todd M. Friedman_
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT

## CERTIFICATE OF SERVICE

Filed electronically on this 5th day of October, 2020, with:

United States District Court CM/ECF system

Notification sent via ECF on this 5th day of October, 2020 to:

Honorable Judge R. Gary Klausner
United States District Court
Central District Court of California

Jennifer L. Bryant
Mark Bartrum Helm
MUNGER, TOLLES & OLSON LLP

Brian Perryman
Zoe Wilhelm
FAEGRE DRINKER BIDDLE & REATH LLP

Notification sent on this 5th day of October, 2020, via the ECF system to all interested parties.

s/Todd Friedman
   Todd Friedman

FIRST AMENDED CLASS ACTION COMPLAINT